IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHUKUEMEKA OKORO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 15-3370-JMC |
| OCWEN LOAN SERVICING, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case has been referred to me for all proceedings by the consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 301. (ECF Nos. 12, 13, 14.) Presently pending before the Court are the parties' cross-motions for summary judgment. (ECF No. 36, 37.) The motions have been fully briefed (ECF Nos. 38, 39), and no hearing is necessary, Loc. R. 105.6 (D. Md. 2014). For the following reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART, and Plaintiff's motion is DENIED.

**I.     Background**

This case was filed by Plaintiff, Chukuemeka Okoro, on September 24, 2015 against Defendant, Ocwen Loan Servicing, LLC ("Ocwen") and removed to this Court on November 4, 2015 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl., ECF No. 2; Notice of Removal, ECF No. 1.) Mr. Okoro's Complaint asserts counts for (1) breach of contract, (2) specific performance, and (3) negligent misrepresentation, all relating to Ocwen's failure to execute a deed in lieu of foreclosure on real property Mr. Okoro owns, located at 658 Gutman Avenue, Baltimore, Maryland 21218 ("the Property"). The parties do not dispute that Mr. Okoro became the owner of the Property when it was conveyed to him by deed recorded

July 31, 2008 by U.K. Construction & Management, LLC. (Deed, Ortworth Aff. Ex. D, ECF No. 37-1 at 25-28.) The Property was subject to a mortgage in security for a loan originally borrowed from Equitable Trust Mortgage Corporation (Deed of Trust, Ortworth Aff. Ex. E, ECF No. 37-1 at 30-38), and later sold to Federal Home Loan Mortgage Corporation ("Freddie Mac"), for whom Ocwen was the loan servicer during the period relevant to this case (Ortworth Aff. ¶ 10). As of May 1, 2014, Mr. Okoro ceased making monthly payments on the loan, at which point the parties began discussing the possibility of executing a deed in lieu of foreclosure on the Property. In March 2015, Ocwen sent to Mr. Okoro a document titled "Standard Deed in Lieu of Foreclosure Program Offer," with a "Deed-in-Lieu Agreement – Terms and Conditions" (the "Agreement"), which Mr. Okoro signed and which was also signed by Katie Brewer, Ocwen's "VP DIL & Short Sale." (Ortworth Aff. Ex. H, ECF No. 37-1 at 45-52.) Ocwen ultimately declined to finalize the deed in lieu of foreclosure, and on August 12, 2015 it sent Mr. Okoro a letter informing him that there was "an issue with [his] mortgage title that prevents acceptance into this program." (Aug. 12, 2015 Ltr, Ortworth Aff. Ex. I, ECF No. 37-1 at 54-55.) The parties disagree on several points related to the events leading up to Ocwen's failure to finalize and record the deed in lieu of foreclosure and how those events should be legally construed, as set forth in greater detail below.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 56, "the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court must view the facts and the inferences drawn therefrom in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The moving party bears the burden of demonstrating the absence of any genuine dispute

of material fact. Pulliam Invest. Co. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). However, a moving party who will not bear the burden of proof at trial need only point to the insufficiency of the other side's evidence, thereby shifting the burden of raising a genuine dispute of fact by substantial evidence to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Moreover, "[w]hen faced with cross-motions for summary judgment, the court must review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (quoting Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 62 n.4 (1st Cir. 1997)). In considering each motion individually, "the court must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion." Id. (quoting Wightman v. Springfield Terminal Ry. Co., 100 F.3d 228, 230 (1st Cir. 1996)).

As to the evidence provided by the parties in support of their summary judgment motions, to be entitled to consideration, "the facts set forth by the parties in affidavits or otherwise must be such as would be admissible in evidence." Miskin v. Baxter Healthcare Corp., 107 F. Supp. 2d 669, 671 (D. Md. 1999) (citing Fed. R. Civ. P. 56(c)). "To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)—that the documents be admissible in evidence." Id. (citing Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993)).

**III.    Analysis**

Mr. Okoro seeks partial summary judgment as to liability on his breach of contract and negligent misrepresentation claims. Ocwen seeks summary judgment as to all of Mr. Okoro's claims, including his claim for specific performance. The Court will address each claim in turn.

**A.    Breach of Contract (Count I)**

Mr. Okoro first moves for summary judgment as to liability on his breach of contract claim. "'To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation.'" Int'l Waste Indus. Corp. v. Cape Envtl. Mgmt. Inc., 988 F. Supp. 2d 542, 550 (D. Md. 2013) (quoting Taylor v. NationsBank, N.A., 776 A.2d 645, 651 (Md. 2001)). Under Maryland law, to establish formation of a contractual obligation, "there must exist an offer by one party and an unconditional acceptance of that precise offer by the other, prior to withdrawal by the offeror, before a binding agreement is born." Id. (quoting Lemlich v. Bd. of Trs. of Harford Cmty. Coll., 385 A.2d 1185, 1189 (Md. 1978)).

As to the existence of a contractual obligation, Mr. Okoro asserts that there is "no genuine dispute" that Ocwen entered into the Agreement with Mr. Okoro with respect to the Property. Pl.'s Mem. 1. In support thereof, Mr. Okoro points to (1) the Agreement, (2) documents he allegedly received from Ocwen's attorneys on November 10, 2014,[1] and (3) Ocwen's internal records which Ocwen provided to Mr. Okoro during discovery. Mr. Okoro's memorandum does not, however, elaborate on how these documents conclusively establish a contractual obligation owed to him by Ocwen, especially in light of the arguments by Ocwen in

---

[1] Mr. Okoro states that these documents can be found as Exhibit A to the Complaint. However, Exhibit A to the Complaint is a Certificate of Satisfaction executed by RJL Holdings L.L.C. on August 12, 2015. (ECF 1-1.) Exhibit C to the Complaint, however, matches the description of the document cited by Plaintiff. (ECF 1-3.) Accordingly, the Court will assume that Mr. Okoro meant to refer to Complaint Exhibit C.

its motion regarding clear title and approval by the loan guarantor. Nor has Mr. Okoro established that the evidence to which he cites is authentic or otherwise admissible. Fed. R. Civ. P. 56; Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 535-36 (D. Md. 2007). Accordingly, Mr. Okoro has not established the absence of disputed material facts underlying both the existence of a contractual obligation and the breach of such an obligation, and the Court will DENY his motion to the extent that it seeks summary judgment as to liability on his breach of contract claim.

For its part, Ocwen argues that summary judgment in its favor is appropriate on Mr. Okoro's breach of contract claim because Mr. Okoro has failed to provide sufficient evidence of a contractual obligation. In particular, Ocwen points to Mr. Okoro's failure to establish (1) that Mr. Okoro's acceptance was valid in that Ocwen had not made the determination that title to the Property was clear, and (2) that Mr. Okoro received written approval of the Agreement from the mortgage insurer or guarantor, which it construes as a condition precedent to the Agreement.[2] Although the party who will not bear the burden of proof at trial is not required to *negate* its opponent's claim, in order to be entitled to summary judgment, it must point to evidence demonstrating the absence of a genuine issue of material fact as to that claim. Celotex, 477 U.S. at 322. Thus, while Ocwen is not required to point to evidence establishing that Mr. Okoro did

---

[2] Under Maryland law, a "condition precedent" is "'a fact, other than mere lapse of time, which, unless excused, must exist or occur before a duty of immediate performance of a promise arises.'" N.Y. Bronze Powder Co., Inc. v. Benjamin Acquisition Corp., 716 A.2d 230, 233 n.2 (Md. 1998) (quoting Chirichella v. Erwin, 310 A.2d 555, 557 (Md. 1973)). Where a contract is subject to a condition precedent, a contractual obligation does not arise until that condition is satisfied. The existence of a condition precedent is ultimately a question of construction that depends on the parties' intent. Azimirad v. HSBC Mortg. Corp., 2011 WL 1375970, at *4 (D. Md. Apr. 12, 2011) (quoting N.Y. Bronze Powder Co., 716 A.2d at 233 n.2)). Although "no particular form of words is necessary in order to create an express condition, such words and phrases as 'if' and 'provided that,' are commonly used to indicate that performance has expressly been made conditional, as have the words 'when,' 'after,' 'as soon as,' or 'subject to.'" N.Y. Bronze Powder Co., 716 A.2d at 233 n.2. Where the language of the contract is not ambiguous, its construction is an issue of law to be resolved by the trial judge. Fin. Indus. Regulatory Authority, Inc. v. Axis Ins. Co., 951 F. Supp. 2d 826, 831 (D. Md. 2013) (quoting Bd. of Educ. of Charles Cnty. v. Plymouth Rubber Co., 488 A.2d 1288, 1296 (Md. Ct. Spec. App. 1990). Here, the Agreement unambiguously creates a condition precedent by stating that it is "subject to" written approval of the mortgage insurer or guarantor.

not receive written approval from the mortgage insurer or guarantor or evidence that title to the Property was not clear, it is required to point to evidence demonstrating the absence of a genuine dispute of material fact on these points. It has not done so.

First, even setting aside issues related to whether and when Mr. Okoro held clear title to the Property, the Court notes that, contrary to Ocwen's assertion, the Agreement does not provide that "[a]cceptance of the offer required a determination that title to the Subject Property was clear." Rather, the Agreement instructs the offeree that, as a step to accept the offer, he should "make sure [his] property title is 'clear,'" that is, he "must be sure that no other claims or liens are attached to [his] property." (Ortworth Aff. Ex. H, 1.) The distinction between the actual wording of the Agreement and Ocwen's proposed construction is critical insofar as it raises questions about who was responsible for confirming that title was clear and whether acceptance was contingent upon Ocwen's agreement with that determination. For example, if it was Mr. Okoro's responsibility to determine that title was clear in order for his acceptance to be valid, this requirement may have been satisfied. By contrast, if Mr. Okoro's acceptance was not valid until Ocwen agreed with Mr. Okoro's assessment that title was clear, Ocwen may be correct that Mr. Okoro's acceptance was invalid. Because the Agreement is reasonably susceptible of multiple interpretations, however, the Court must conclude that it is ambiguous on this point. Spacesaver Sys., Inc. v. Adam, 98 A.3d 264, 273 (Md. 2014) (quoting Calomiris v. Woods, 727 A.2d 358 (Md. 1999)). And because there does not exist extrinsic evidence in the record that would allow the Court to dispose of the interpretive issue, the Court must leave the construction of the Agreement on this point to the trier of fact. World-Wide Rights Ltd. P'ship v. Combe Inc., 955 F.2d 242, 245 (4th Cir. 1992).

Moreover, as to the written approval condition, the Court notes that the very letterhead on which the Agreement was sent to Mr. Ocwen indicates that it may have been jointly sent by Ocwen and Freddie Mac, the loan guarantor, and that Ms. Brewer's signature may have constituted approval by both. (Ortworth Aff. Ex. H.) Accordingly, there appears to be a dispute of material fact as to whether Mr. Okoro received written approval of the Agreement from the loan guarantor, which further renders summary judgment in favor of Ocwen on Mr. Okoro's breach of contract claim inappropriate. There also appear to be other disputed facts that preclude summary judgment, insofar as they may be material to the existence of a contractual obligation, including whether and when title to the Property was clear and the knowledge of the parties concerning both. For these reasons, the Court will also DENY Ocwen's Motion for Summary Judgment as Mr. Okoro's breach of contract claim.

### B.  Specific Performance (Count II)

In his complaint, Mr. Okoro seeks specific performance of the Agreement, asserting that he has "no adequate remedy at law" to enforce the Agreement. (Compl. ¶ 37.) Under Maryland law, specific performance is an "extraordinary equitable remedy which may be granted, in the discretion of the chancellor, where more traditional remedies, such as damages, are either unavailable or inadequate." Heravi v. Gaming Network Sols., LLC, Case No. 15-cv-1178-PWG, 2016 WL 3753156, at *6 (D. Md. July 13, 2016) (quoting Archway Motors, Inc. v. Herman, 37 Md. App. 674, 681, 378 A.2d 720, 724 (1977)). A court should not award specific performance where a contract "has become incapable of being performed." Powichroski v. Sicinski, 114 A. 899, 901-02 (Md. 1921); see also Lord & Taylor, LLC v. White Flint, L.P., 780 F.3d 211, 216 (4th Cir. 2015) ("[T]rial courts retain discretion to deny specific performance or injunctive relief (Maryland case law does not distinguish between the two for these purposes) where enforcement would be 'unreasonably difficult . . . .'").

Ocwen asserts that it is entitled to summary judgment on Mr. Okoro's claim for specific performance because it was only the servicer of the loan that would have been forgiven under the Agreement, and because the loan has since been sold by its previous owner and service transferred from Ocwen. (Ortworth Aff. ¶¶ 10, 20.) Accordingly, Ocwen asserts that performance of the Agreement has become impossible. Mr. Okoro has not demonstrated any disputed facts related to the ownership of the loan or Ocwen's ability to comply with an order for specific performance. Indeed, Ocwen cites Mr. Okoro's general failure to oppose its motion on this count as further justification for granting summary judgment in its favor. The Court agrees that, in light of these facts, the Agreement has become impossible to preform, and since Mr. Okoro has provided no other justification or argument for allowing him to move forward with his claim for specific performance, the Court will GRANT summary judgment in favor of Ocwen as to that claim.

### C. Negligent Misrepresentation (Count III)

Finally, Mr. Okoro seeks summary judgment as to liability on his negligent misrepresentation claim. To succeed on a claim for negligent misrepresentation under Maryland law, Plaintiffs must prove that:

> (1) the defendant, owing a duty of care to the plaintiff, negligently asserted a false statement;
> (2) the defendant intended that his statement would be acted upon by the plaintiff;
> (3) the defendant had knowledge that the plaintiff would probably rely on the statement, which, if erroneous, would cause loss or injury.
> (4) the plaintiff, justifiably, took action in reliance on the statement; and
> (5) the plaintiff suffered damage proximately caused by the defendant's negligence.

Goldstein v. Miles, 859 A.2d 313, 332 (Md. Ct. Spec. App. 2004). In support of his motion, Mr. Okoro asserts that "[t]here is no genuine dispute as to a material fact that Defendant falsely represented to Plaintiff that the Deed in Lieu was proceeding as agreed and that Plaintiff relied

on said representations to his detriment." Once again, Mr. Okoro has cited several documents in support of his contentions, none of which have been established as admissible or authenticated. Moreover, Mr. Okoro has failed to argue in his motion for summary judgment or his opposition to Ocwen's motion that Ocwen owed him a duty of care, and he has thus failed to offer any evidence supporting the existence of that duty. Mr. Okoro has likewise failed to cite any law supporting his contention that his reliance on Ocwen's alleged misrepresentations was reasonable under the circumstances. For these reasons, Mr. Okoro has not established the absence of disputed material facts underlying his claim, and the Court will DENY his motion for summary judgment as to liability on his negligent misrepresentation claim.

Ocwen counters that summary judgment in its favor on Mr. Okoro's negligent misrepresentation claim is appropriate, among other reasons, because Mr. Okoro cannot establish that Ocwen owed him a duty of care. The Court agrees. "Causes of action based on either negligence or negligent misrepresentation require, first and foremost, that the party sued owed a duty in tort to the party bringing the suit." Silver Hill Station Ltd. P'ship v. HSA/Wexford Bancgroup, LLC, 158 F. Supp. 2d 631, 636 (D. Md. 2001) (citing Jacques v. First Nat'l Bank of Md., 515 A.2d 756 (Md. 1986); Parker v. Columbia Bank, 604 A.2d 521 (Md. Ct. Spec. App. 1992)). Maryland courts have made clear that a contractual obligation, standing alone, is insufficient to create a duty of care that can support to a tort action. Jones v. Hyatt Ins. Agency Inc., 741 A.2d 1099, 1107 (Md. 1999) (quoting Mesmer v. M.A.I.F., 725 A.2d 1053, 1058 (Md. 1999)); see also Lawyers Title Ins. Corp. v. Rex Title Corp., 282 F.3d 292, 293 (4th Cir. 2002) ("In general . . . Maryland does not recognize a cause of action for negligence arising solely from a contractual relationship between two parties."). Instead, in order for a duty of care to arise, the contractual obligation must be paired with "special circumstances" or an "intimate nexus"

warranting an exception to this general rule. See Legore v. OneWest Bank, FSB, 898 F. Supp. 2d 912, 919 (D. Md. 2012); Jacques, 515 A.2d at 759. Courts have found such special circumstances to include "extraordinary risk or particular vulnerability or dependency." Silver Hill Station, 158 F. Supp. 2d at 640. Having reviewed the pleadings and the summary judgment briefing, the Court concludes that, although Mr. Okoro included a bare allegation in his Complaint that Ocwen owed him a duty, neither his Complaint nor his motion here alleges any special circumstances from which that duty might have arisen. Moreover, in opposing Ocwen's motion, Mr. Okoro did not raise any argument concerning the existence of a tort duty and did not citing any facts in support thereof. Accordingly, the Court is satisfied that Ocwen has established the absence of any disputed material facts on the issue of whether Ocwen owed Mr. Okoro a duty of care, such that it is entitled to judgment as a matter of law on his negligent misrepresentation claim. The Court will thus GRANT summary judgment in favor of Ocwen as Mr. Okoro's negligent misrepresentation claim.

## IV.   Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion for Summary Judgment is DENIED. A separate order follows.


Dated August 31, 2016                              /s/
                                             J. Mark Coulson
                                             United States Magistrate Judge